Opinion issued October 24, 2002







 



 



In The

Court of Appeals

For The

First District of Texas





 NOS. 01-01-01123-CR 

 01-01-01124-CR







RICARDO RUIZ, Appellant



V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause Nos. 865058 and 865057







O P I N I O N


 Appellant, Ricardo Ruiz, pleaded not guilty to two counts of aggravated sexual
assault of a child. (1) The jury found him guilty of both offenses and assessed
punishment for each offense at 20 years' confinement. In one point of error, appellant
argues that the evidence was legally insufficient to support the conviction. We
affirm. 

Facts

 In 1997, eight-year-old C. P. was living in Pasadena, Texas with her mother,
three brothers, and appellant, her mother's boyfriend. Three weeks after he had
moved in, appellant started assaulting C. P. He would wake her up in the middle of
the night and take her to another room while everyone else slept. He would pull
down her underwear and touch her vagina with his hands, penis, and tongue. 
Sometimes, he would lay her down on the floor, and he would put his "private" in her
"private," which "hurt." He also forced C. P. to perform oral sex on him. C. P.
testified she would have "white stuff" on her hands and in her "private." The
ejaculate got on her hands when she spit into her hands after performing oral sex on
appellant. C. P. testified she was scared because appellant told her not to tell her
mother or he would hurt them both. This abuse continued almost every night for two
years.

 On October 4, 2000, C. P.'s family fled to a women's shelter. Sacha Cain, a
counselor at the shelter, testified that, when she was conducting a group discussion
on sexual abuse, she noticed a change in C. P.'s behavior. Cain met with C. P.
privately after the session, and C. P. told her that appellant "would do bad things to
her and that he would put things inside her." C. P.'s mother was informed of the
abuse; C.P., her mother, and Cain reported the assaults.

 C. P. underwent a physical examination, which revealed normal results with
non-specific thickened hymen that could have represented either a scar or a normal
variant. The results did not rule out the possibility of abuse.

 Legal Sufficiency


 In his sole point of error, appellant argues that the evidence was legally
insufficient to support the jury's verdict.

 In evaluating the legal sufficiency of the evidence, we must view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the jury. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).

 Appellant argues that there was no corroborating evidence of the assaults and
that C. P.'s physical examination was normal. Considering the evidence most
favorable to the verdict, however, we hold a rational trier of fact could have found
appellant guilty of two counts of aggravated sexual assault of a child. See id.

 

Conclusion


 We affirm the judgment.



 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (2)


Do not publish. Tex. R. App. P. 47.
1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002).
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.